IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE LUBRIZOL CORPORATION, | ) | CASE NO. 1:21-CV-00870-DAR |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| INTERNATIONAL BUSINESS | ) | JENNIFER DOWDELL ARMSTRONG |
| MACHINES CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |

**I.    INTRODUCTION**

This matter is before me on Plaintiff The Lubrizol Corporation's ("Lubrizol") motion to compel Defendant International Business Machines Corporation's ("IBM") production of Slack messages. (ECF No. 77). For the reasons set forth below, Lubrizol's motion to compel is GRANTED as set forth herein.

**II.    PROCEDURAL HISTORY**

Lubrizol alleges that IBM breached a contract between the parties and committed fraud and various torts in connection with a project to implement a new enterprise resource planning software known as S/4HANA. (ECF Doc. No. 60).

On February 1, 2023, IBM filed a letter requesting a telephonic discovery conference pursuant to Local Rule 37.1 regarding certain purported deficiencies in Lubrizol's discovery responses. (ECF No. 62). On February 10, 2023, District Judge David A. Ruiz referred this case to me for resolution of the discovery disputes raised in IBM's letter, as well as resolution

1

of other discovery issues that may arise in the case. (*See* ECF non-document entry dated February 10, 2023).

On March 22, 2023, Lubrizol filed a letter requesting a discovery conference regarding several alleged deficiencies in IBM's discovery responses, including IBM's failure to produce complete conversations conducted through Slack, an instant messaging application that IBM used in connection with its business. (ECF No. 70). Lubrizol asked the Court to order IBM to produce the full Slack conversation for any Slack thread containing at least one responsive message. *Id*.

On March 30, 2023, the parties appeared before me for a telephonic discovery conference on all outstanding discovery issues, including IBM's production of Slack messages. At the discovery conference, the parties informed me that they believed at least some of the issues the parties had raised could be resolved without court intervention. Following the discovery conference, I issued an order requiring the parties to submit a joint status report advising me which, if any, discovery issues remained unresolved despite the parties' efforts. (*See* ECF non-document entry dated March 30, 2023).

On April 17, 2023, the parties submitted a joint status report indicating that they had resolved all outstanding issues except the dispute regarding IBM's production of Slack messages. (ECF No. 74). Pursuant to my order, the parties thereafter submitted written briefs setting forth their positions regarding the proper scope of discovery with respect to Slack messages. During that briefing, Lubrizol narrowed its position. It no longer requests that IBM be ordered to produce the entire conversation for any Slack thread containing at least one responsive message. Instead, it has requested the following: (1) that, for any Slack conversation containing 20 total messages or fewer, IBM be required to produce the entire

conversation, so long as the conversation contains at least one responsive message; and (2) that, for any Slack conversation containing more than 20 total messages, IBM be required to produce the 10 messages preceding and following any responsive message. (ECF No. 77).

IBM opposes Lubrizol's proposal. IBM states that it has already reviewed all Slack messages that hit on any of the parties' agreed search terms, as well as the 10 messages before and after any message that hit on a search term. (ECF No. 79). IBM further states that it produced any message in that window that provided context for the relevant discussion, even if the message did not hit on a particular search term. IBM argues that adopting Lubrizol's proposal would require IBM to produce irrelevant materials in violation of the Federal Rules of Civil Procedure and would impose an undue burden on IBM. The issue is now ripe for decision.

### III. LAW & ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) provides that a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26 embodies a liberal approach to discovery, and "relevance" is construed broadly for discovery purposes. *See Noakes v. Case Western Reserve Univ.*, No. 1:21-CV-01776-PAB, 2022 WL 17811630, at *2 (N.D. Ohio Dec. 19, 2022). Material "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

After the 2015 revisions to the Federal Rules, however, discovery must also be "proportional" to the needs of the case. Fed. R. Civ. P. 26(b)(1); *see also Helena Agri-Enters., LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 273 (6th Cir. 2021). The revised rules "ensure[] that the parties and courts share the 'collective responsibility to consider the

proportionality of all discovery and consider it in resolving discovery disputes.'" *Helena Agri-Enters.*, 988 F.3d at 273 (quoting Fed. R. Civ. P. 26(b), advisory committee's note to 2015 amendment). As a result, "[i]t is now the power—and *duty*—of the district courts [to] actively manage discovery and to limit discovery that exceeds its proportional and proper bounds." *Id*. at 274 (quotation omitted, emphasis in original).

Rule 37(a)(1)(B) provides that a party may move to compel responses to discovery. Fed. R. Civ. P. 37(a)(1)(B). The party moving to compel "bears the burden of demonstrating [the] relevance" of the requested discovery. *White v. City of Cleveland*, 417 F. Supp.3d 896, 902 (N.D. Ohio Oct. 25, 2019) (quoting *CSX Transp., Inc. v. Columbus Downtown Dev. Corp.*, No. 2:16-cv-557, 2019 WL 1760069, at *4 (S.D. Ohio Apr. 22, 2019)). If the moving party demonstrates that the requested material is relevant, "the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." *Id*. Courts have broad discretion in overseeing the scope of discovery and ruling on motions to compel. *See James v. Cuyahoga County*, --- F. Supp. 3d ---, 2022 WL 18034499, at *4 (N.D. Ohio Dec. 28, 2022).

The sole issue before me is whether IBM should be required to produce additional Slack messages to provide further context for the messages that IBM has already produced. IBM does not dispute that the materials in its possession, custody, and control include Slack messages that are relevant to the case. Nor does IBM argue that production of Slack messages generally is disproportionate to the needs of the case. Instead, IBM argues only that it has already produced all Slack messages that it is required to under the Federal Rules, and that the additional materials Lubrizol is seeking are irrelevant and would be unduly burdensome to produce.

4

The parties' dispute is centered around the question of whether each individual Slack message should be treated as a discrete document under Rule 34, or whether a court should view an entire Slack channel as a single, continuous document. IBM argues that each message is a discrete document because the messages are stored on the system as individual files known as "JSON" files. Lubrizol does not dispute that Slack messages are stored as individual JSON files, but it argues that a conversation should nonetheless be treated as a single document because the participants in a Slack conversation view the entire conversation at once, even if the conversation spans months or years.

The question of whether to treat Slack messages as individual documents whose relevance must be analyzed separately for discovery purposes appears to be one of first impression. Both parties cite to cases addressing general discoverability and proportionality issues with respect to Slack messages. *See Calendar Research LLC v. StubHub, Inc.*, No. 17 CV-4062, 2019 WL 1581406, at *4 (C.D. Cal. Mar. 14, 2019) (granting motion to compel Slack messages); *Benebone LLC v. Pet Qwerks, Inc.*, No. 8:20-cv-00850, 2021 WL 831025, at *2-3 (C.D. Cal. Feb. 18, 2021) (addressing proportionality of requiring production of Slack messages); *Gopher Media, LLC v. Spain*, No. 3:19-cv-02280, 2020 WL 12688143, at *4 (S.D. Cal. Aug. 24, 2020) (addressing confidentiality issues relating to Slack messages); *Warner Bros. Entm't Inc. v. Random Tuesday, Inc.*, No. CV 20-2416, 2021 WL 6882166, at *5 (C.D. Cal. Dec. 8, 2021) (granting motion to compel outstanding Slack messages); *Podium Corp. Inc. v. Chekkit Geolocation Servs., Inc.*, No. 2:20-cv-00352, 2021 WL 1873989, at *2 (D. Utah May 10, 2021) (addressing confidentiality designations of Slack messages). Neither party, however, has cited to any cases addressing whether a party must produce only directly responsive Slack messages or must produce an entire conversation or portion of a

5

conversation to provide context for responsive messages. I also have not found any published decisions addressing that question.

In the absence of case law directly on point, both parties argue by analogy. IBM asserts that, because Slack messages are stored as individual JSON files, Lubrizol's proposal is the equivalent of requiring a party to produce irrelevant hard copy documents simply because they are located in the same box as responsive documents. Lubrizol, on the other hand, argues that Slack messages are most analogous to emails or text messages, and further asserts that parties are regularly required to produce the entirety of an email or a text message conversation, even if portions of the document are irrelevant.

After careful consideration, I conclude that IBM's analogy to hard copy documents is inapposite. Different hard copy documents are not originally created in a single box, and their subsequent placement in the same box may be the result of sheer happenstance. By contrast, the parties do not dispute that all messages in a particular Slack channel appear in a single conversation, and that a participant in a conversation can view all of those messages at once, regardless of when they were originally sent. I therefore reject IBM's argument that each Slack message must be treated as a separate document like hard copy documents in the same box, and instead conclude that Slack messages are most comparable to text messages rather than hard copy documents.[1]

My determination that Slack messages are most akin to text messages does not resolve

---

[1] IBM argues that each Slack message should be treated as a separate document because Slack messages are stored as individual messages rather than as a threaded conversation. IBM cites Rule 34 for the proposition that a party must "produce documents as they are kept in the usual course of business." (ECF No. 79) (citing Fed. R. Civ. P. 34(b)(2)(e)(i)). The period at the end of that sentence is inaccurate. Rule 34(b)(2)(e)(i) provides that a party must produce electronically stored information "in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." At least one court had questioned whether producing Slack messages as hundreds of thousands of individual documents constitutes a reasonable usable form. *See Gopher Media*, 2020 WL 12688143, at *3 n.4 (S.D. Cal. Aug. 24, 2020).

6

the present motion, however, as federal courts have adopted different approaches with respect to text messages. Some courts have suggested that a party must produce the entirety of a text message conversation that contains at least some responsive messages. *See Laub v. Horbaczewski*, 331 F.R.D. 516, 527 (C.D. Cal. 2019) ("There is also case law to support the proposition that text messages should be provided in a manner that provides a 'complete record' as opposed to 'scattershot texts.'") (quoting *Paisley Park Enters., Inc. v. Boxill*, 330 F.R.D. 226, 236 (D. Minn. 2019)); *Gipson v. Cincinnati Children's Hosp. Med. Ctr.*, No. 1:20-cv-294, 2021 WL 6113960, at *4-5 (S.D. Ohio Dec. 27, 2021) (ordering party to produce entirety of text message chains given court's concerns about plaintiff's self-selection of relevant messages without attorney review).

Other courts have held that the producing party can unilaterally withhold portions of a text message chain that are not relevant to the case. *See Marksman Sec. Corp. v. P.G. Sec., Inc.*, No. 19-62467, 2021 WL 4990442, at *2 (S.D. Fla. Mar. 19, 2021) ("The undersigned finds that Defendants are in the best position to determine which text message conversations require additional context and which do not, and therefore which texts require the surrounding conversation to be produced."); *In re Pork Antitrust Litig.*, No. 18-cv-1776, 2022 WL 972401, at *14-15 (D. Minn. Mar. 31, 2022) (holding that party need only produce relevant text messages, and stating "[j]ust because there may be some relevant texts within a data set does not make all texts within that set presumptively relevant"); *Estate of Bailet v. City of Colorado Springs, Colorado*, No. 20-cv-01600, 2021 WL 2912921, at *2 (D. Colo. July 12, 2021) (holding that text messages that were unresponsive did not require any objection, redaction, or notation in a privilege log).

Still other courts have taken a middle ground. In *Sandoz, Inc. v. United Therapeutics*

7

*Corp.*, No. 19-cv-10170, 2021 WL 2453142 (D.N.J. June 16, 2021), for example, the court ordered a party to produce relevant surrounding text messages that provided context for messages that hit on specific search terms. *Id*. at *1-2. And in *Advanced Magnesium Alloys Corp. v. Dery*, No. 1:20-cv-02247, 2022 WL 3139391 (S.D. Ind. Aug. 5, 2022), the court ordered a party to produce all text messages between two individuals during a particular period, but also held that the producing party could redact any message or portion of a message that was purely personal in nature or related to business matters other than those at issue in the case. *Id*. at *4.

      Given the particular facts and circumstances here, I conclude that Lubrizol's proposal is the most appropriate approach for this case and that IBM should be required to produce surrounding messages even if IBM believes that some or all of those messages are not relevant to this case. In reaching that conclusion, I am guided by several considerations.

      First, there appears to be a legitimate dispute regarding whether all the messages that IBM has withheld are truly irrelevant. In particular, it appears that some of the messages relate to similar S4 integration work that IBM has performed or is performing for at least one other client. Lubrizol argues persuasively that such communications are relevant to its arguments that IBM misled Lubrizol about how the S4 project would be staffed, how IBM managed the project, and whether IBM had the expertise it claimed when it pitched the project. It is unclear what proportion of the messages encompassed by Lubrizol's proposal relate to other, similar S4 projects. However, it appears to be undisputed that at least some of the disputed messages do relate to those projects, and that fact weighs in favor of adopting Lubrizol's proposal and granting its motion to compel.

      Second, I agree with Lubrizol that the presence of a protective order in this case

substantially decreases any concerns regarding production of purportedly irrelevant messages that may otherwise be sensitive, such as messages regarding other IBM projects or communications about the personal lives of IBM employees. *See Nieves v. Baptist Mem. Med. Group, Inc.*, No. 18-2748, 2020 WL 3441900, at *2 (W.D. Tenn. June 23, 2020) (holding that party's unilateral redaction of irrelevant information was improper and that any concerns with production of irrelevant, sensitive information were alleviated by existence of protective order); *Graff v. Haverhill North Coke Co.*, No. 1:09-cv-670, 2011 WL 13078603, at *8 (S.D. Ohio Aug. 8, 2011) (same).

Third, I conclude that IBM has not established that it would be unduly burdensome for it to comply with Lubrizol's proposal given the scope of this case, which involves a substantial dispute between two large commercial parties. IBM argued that the effect of Lubrizol's original request that IBM produce the entirety of all Slack channels containing at least one responsive message would be "to expand IBM's current production volume by nearly sixty times." (ECF No. 71). However, IBM has not provided any information regarding the number of messages encompassed by Lubrizol's revised proposal or the burden and expense associated with complying with that proposal. I therefore cannot conclude that requiring IBM to produce additional Slack messages as set forth herein would be unduly burdensome on IBM or disproportionate to the needs of this case. Lubrizol's motion to compel is therefore GRANTED.

Finally, IBM notes that Lubrizol has similarly produced messages from its own instant messaging platform, Microsoft Teams, as individual messages. IBM argues that any protocol applying to its Slack messages should also apply to Lubrizol's Microsoft Teams messages. Lubrizol has stated that it agrees to abide by the same protocol (*see* ECF No. 74), and I agree

9

that the same protocol should apply to both parties. Accordingly, Lubrizol must also produce the 10 messages preceding and following any Microsoft Teams message in its possession, custody, or control that is responsive to any of IBM's discovery requests (or the entirety of any Microsoft Teams conversation containing 20 or fewer messages in total).

### IV. CONCLUSION

For the foregoing reasons, Lubrizol's motion to compel is GRANTED. Within 28 days of this Memorandum Opinion and Order, IBM is hereby ordered to produce: (1) the entirety of any Slack conversation containing 20 or fewer total messages that has at least one responsive message; and (2) the 10 messages preceding or following any responsive Slack message in a Slack channel containing more than 20 total messages. Within 28 days, Lubrizol shall do the same with respect to its Microsoft Teams messages.

**IT IS SO ORDERED.**

Dated: May 15, 2023

*s/ Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge