# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| THE LUBRIZOL CORPORATION, | ) | CASE NO. 1:21-CV-00870-DAR |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| INTERNATIONAL BUSINESS | ) | JENNIFER DOWDELL ARMSTRONG |
| MACHINES CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |

## I. INTRODUCTION

This matter is before me pursuant to Local Rule 37.1 on Plaintiff The Lubrizol Corporation's ("Lubrizol") request that I compel Defendant International Business Machines Corporation's ("IBM") to produce unredacted copies of documents containing information regarding certain of IBM's other clients. For the reasons set forth below, Lubrizol's request is DENIED without prejudice as set forth herein.

## II. PROCEDURAL HISTORY

Lubrizol alleges that IBM breached a contract between the parties and committed fraud and various torts in connection with a project to implement a new enterprise resource planning software, known as S/4HANA. (ECF Doc. No. 61). On February 10, 2023, District Judge David A. Ruiz referred this case to me for resolution of discovery issues that may arise in the case, including the then-pending disputes between the parties. (*See* ECF non-document entry dated February 10, 2023).

1

On March 22, 2023, Lubrizol filed a letter requesting a telephonic discovery conference pursuant to Local Rule 37.1 with respect to several issues not relevant here. (ECF No. 70). On March 24, 2023, I entered an order setting a discovery conference for March 30, 2023. (*See* ECF non-document entry dated March, 24, 2023). In the order, I instructed the parties to meet and confer regarding all outstanding discovery issues to the extent they had not recently done so. *Id*.

On March 30, 2023, the parties appeared before me for a telephonic discovery conference. During that conference, the parties addressed a variety of discovery issues that both sides had raised in letter submissions. At that time, Lubrizol did not raise any issues with respect to IBM's decision to redact certain information from its document productions regarding other clients of IBM. On May 15, 2023, I issued a memorandum opinion and order resolving the remaining discovery issues then in dispute between the parties. (ECF No. 82).

On June 21, 2023, Lubrizol filed a letter requesting a telephonic discovery conference pursuant to Local Rule 37.1, challenging IBM's redaction of names and information for other IBM clients. While Lubrizol argued that I should order IBM to produce unredacted versions of all documents that it had redacted, Lubrizol focused its argument on IBM's work for two particular clients. Lubrizol argued that IBM's work for those two clients overlapped with IBM's work for Lubrizol and the allegations of Lubrizol's complaint, and was therefore relevant to this case.[1]

On July 7, 2023, I held a telephonic discovery conference pursuant to Local Rule 37.1

---

[1] The parties have submitted the names of those clients under seal and have redacted them from publicly-filed documents. Currently pending before the Court is Lubrizol's motion to unseal its second amended complaint and exhibits, in which it argues that IBM's interest in protecting competitively sensitive information does not outweigh the public's right to access court records. (ECF No. 41). In light of that pending motion, I will avoid referring to IBM's other clients by name in this memorandum opinion and order. Nothing herein should be interpreted as a determination that either party has or has not satisfied the applicable standards for redaction or sealing with respect to such information.

regarding the issues raised in Lubrizol's letter. During that conference, counsel for Lubrizol indicated that Lubrizol believed IBM was improperly redacting information regarding a number of other IBM clients beyond the two clients Lubrizol had focused on in its letter. Lubrizol also argued that case law within the Sixth Circuit establishes that a party may not redact documents for relevance or confidentiality, particularly where a protective order is in place, as it is here. IBM responded that Lubrizol had waited over a year to bring this dispute to my attention, and that the burden of removing the redactions (which, according to IBM, could potentially require IBM to notify each impacted client pursuant to confidentiality provisions of numerous contracts between IBM and its clients) was unduly burdensome and disproportionate to the needs of the case at this stage of the litigation.

At the conclusion of the conference, the parties agreed to meet and confer regarding specific redactions that Lubrizol believed were relevant to its claims. Following the hearing, I entered an order memorializing that agreement and ordering the parties to submit a joint status report on or before July 28, 2023, indicating whether and how the parties had resolved any of their disputes and whether any issues remained outstanding. (See ECF non-document entry dated July 7, 2023). I also stated that, if any issues remained outstanding, I would issue a written ruling resolving those issues.

On July 28, 2023, the parties submitted a joint status report pursuant to my order. (ECF No. 91). In the report, IBM stated that it had agreed to re-review and remove the redactions for over 6,000 documents relating to the two clients that Lubrizol focused on in its initial letter. Lubrizol did not dispute that IBM was in the process of re-producing those documents, but argued that two other issues remained unresolved: (1) whether IBM could continue to redact information regarding other clients from documents that also included

information about the two clients Lubrizol identified in its initial letter; and (2) whether IBM should be required to produce unredacted versions of all documents relating to IBM's work for four other clients. Those two disputes are now ripe for decision.

### III. LAW & ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) provides that a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26 embodies a liberal approach to discovery, and "relevance" is construed broadly for discovery purposes. *See Noakes v. Case Western Reserve Univ.*, No. 1:21-CV-01776-PAB, 2022 WL 17811630, at *2 (N.D. Ohio Dec. 19, 2022). After the 2015 revisions to the Federal Rules, however, discovery must also be "proportional" to the needs of the case. Fed. R. Civ. P. 26(b)(1); *see also Helena Agri-Enters., LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 273 (6th Cir. 2021). As a result, "[i]t is now the power—and *duty*—of the district courts [to] actively manage discovery and to limit discovery that exceeds its proportional and proper bounds." *Helena Agri-Enters.*, 988 F.3d at 274 (quotation omitted, emphasis in original).

Rule 37(a)(1)(B) provides that a party may move to compel responses to discovery. Fed. R. Civ. P. 37(a)(1)(B). The party moving to compel "bears the burden of demonstrating [the] relevance" of the requested discovery. *White v. City of Cleveland*, 417 F. Supp.3d 896, 902 (N.D. Ohio Oct. 25, 2019) (quoting *CSX Transp., Inc. v. Columbus Downtown Dev. Corp.*, No. 2:16-cv-557, 2019 WL 1760069, at *4 (S.D. Ohio Apr. 22, 2019)). If the moving party demonstrates that the requested material is relevant, "the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." *Id.*; *see also* Fed. R. Civ. P. 26, 2015 Advisory Committee Note (noting that "[a] party claiming undue

burden or expense ordinarily has far better information — perhaps the only information — with respect to that part of the determination"). Courts have broad discretion in overseeing the scope of discovery and ruling on motions to compel. *See James v. Cuyahoga County*, --- F. Supp. 3d ---, 2022 WL 18034499, at *4 (N.D. Ohio Dec. 28, 2022).

    A.    **<u>Redaction of Information Regarding Unspecified Clients from Otherwise Relevant Documents</u>**

The first disputed issue is whether IBM should be required to produce unredacted information regarding projects for other, unspecified clients if such information is contained in a document that also relates to the two clients that Lubrizol raised in its initial letter. Lubrizol takes the position that IBM should not be "entitled to redact any information on documents that contain" the names of those two clients, regardless of whether the redactions actually relate to one of those two clients. (ECF No. 91, PageID # 3924).

IBM responds that "many of these documents contain information about projects for other clients—in some instances, over a hundred other clients." *Id*. at PageID # 3929. IBM argues that Lubrizol has not demonstrated that information relating to these other clients is relevant, and represents that its work for many of the clients did not involve S/4 at all. IBM also argues that, to remove the redactions, it would need to re-review the documents to determine whether any information is subject to any confidentiality agreement that would require IBM to notify the client, a process that IBM asserts is "extremely onerous." *Id*.

I conclude that Lubrizol has not met its burden of showing that the information in the disputed documents relating to other clients is relevant to the case. I also conclude that, given Lubrizol's delay in bringing this dispute to my attention, it would be unduly burdensome to require IBM to produce unredacted information regarding these other, unspecified clients at this stage of the litigation.

Although "relevance" is broadly construed, "the concept of relevance . . . is not unlimited." *Gard v. Grand River Rubber & Plastics Co.*, No. 1:20-cv125, 2021 WL 75655, at *4 (N.D. Ohio Jan. 8, 2021). "While a plaintiff should 'not be denied access to information necessary to establish her claim,' a plaintiff may not be 'permitted to 'go fishing' and a trial court retains discretion to determine that a discovery request is too broad and oppressive.'" *Id.* (quoting *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016)).

Here, Lubrizol has not argued that the information regarding these other, unspecified clients is directly relevant to any claim or defense in this litigation. Instead, Lubrizol's argument appears to proceed as follows. First, I have previously indicated that information regarding the two clients Lubrizol identified in its original letter are relevant to the case. Second, the documents at issue contain references to those two clients. Third, because the documents at issue contain relevant references to those two clients, all information in those documents should be produced. I disagree. I previously indicated that information regarding those two clients was relevant to the case because Lubrizol made specific arguments as to how IBM's work for those projects overlapped with its work for Lubrizol and with the allegations in Lubrizol's complaint. Lubrizol has not made any similar showing here, and thus has not established that the redacted information regarding other, unspecified clients is relevant.

I also conclude that IBM has adequately demonstrated that it would be unduly burdensome for IBM to reproduce unredacted versions of the disputed documents at this time. IBM represents that some of the disputed documents include references to over a hundred other IBM clients. IBM also represents that it has confidentiality agreements with some of its clients that would require it to provide notice to those clients before it could produce

unredacted versions of the disputed documents. IBM further represents that it has undertaken a similar process with respect to the two clients Lubrizol identified in its initial letter, and that the time and expense involved has been substantial.

The timing of Lubrizol's request also weighs against requiring IBM to reproduce unredacted versions of documents regarding these other clients given the apparent limited relevance of such information. Based on the parties' submissions, it appears that IBM first informed Lubrizol that it would not remove redactions regarding other clients in February 2022, well over a year before Lubrizol filed a letter on June 21, 2023 challenging the propriety of IBM's redactions. By that point, discovery had been underway for nearly two years, the August 31, 2023 discovery deadline was only two months away,[2] and the parties had begun depositions. A party's delay in bringing a discovery dispute to the court's attention weighs against ordering production. *See Jones v. Varsity Brands, LLC*, No. 20-cv-02892, 2022 WL 1124951, at *5 (W.D. Tenn. Apr. 14, 2022) ("Although the undersigned does not find that these requests are time-barred, the fact that these custodians were sought after such a delay is a factor that goes against production").[3] IBM has thus established that it would be unduly burdensome to require it to remove these redactions, particularly given Lubrizol's failure to show that the information at issue is meaningfully relevant to the case. *See In re Onglyza (Saxagliptin) and Kombiglyze XR (Saxagliptin and Metformin) Prods. Liab. Litig.*, No. 5-18-

---

[2] On August 8, 2023, Lubrizol filed a letter requesting a status conference with the Court to discuss extending the existing discovery cutoff, among other things. (ECF No. 95). That request remains pending.

[3] Lubrizol argues that it did not unduly delay in bringing the propriety of IBM's redactions to my attention because it had previously raised the issue in its motion to unseal its second amended complaint and exhibits (ECF No. 41). Lubrizol states that it was waiting for the Court to decide that motion, which it believed would resolve the issue. Lubrizol's argument is not well-taken. Lubrizol's motion to unseal was directed to its second amended complaint and the exhibits attached thereto. The motion did not focus on whether it was proper for IBM to redact information from its document productions on relevance and confidentiality grounds. Even assuming that Lubrizol's references to redactions in that context were sufficient to raise the propriety of IBM's redactions here, Lubrizol does not explain why it failed to raise the issue in March 2023 in connection with its prior motion to compel, particularly given my instruction that the parties should meet and confer on *all* outstanding discovery disputes.

MD-2809-KKC, MDL No. 2809, 2019 WL 5777377, at *4 (E.D. Ky. Nov. 5, 2019) ("Plaintiffs' delay in filing the instant Motion to Compel imposes a greater burden on whatever files Defendants are now required to comb through and produce expediently").

Finally, Lubrizol cites several cases for the proposition that a party generally may not redact information on relevance grounds where a protective order is in place. (ECF No. 84, PageID # 3699) (citing *ArcelorMittal Cleveland Inc. v. Jewell Coke Co., L.P.*, No. 1:10-CV-00362, 2010 WL 5230862, at *3 (N.D. Ohio Dec. 16, 2010); *Nieves v. Baptist Mem. Med. Group, Inc.*, No. 18-2748, 2020 WL 3441900 (W.D. Tenn. June 23, 2020); *Graff v. Haverhill North Coke Co.*, No. 1:09-cv-670, 2011 WL 13078603 (S.D. Ohio Aug. 8, 2011); *Am. Mun. Power, Inc. v. Voith Hydro, Inc.*, No. 2:17-cv-708, 2020 WL 5014914 (S.D. Ohio Aug. 25, 2020)). In none of those cases, however, was there any indication that a protective order would be insufficient to address the producing party's confidentiality concerns. Here, by contrast, IBM argues that the production process itself would be unduly burdensome because IBM would need to determine whether contractual confidentiality provisions from a number of different contracts apply, and it would then need to comply with each contract's specific notification provisions. Given the particular facts of this case, I conclude that the existence of a protective order does not eliminate the undue burden granting Lubrizol's request would impose on IBM at this stage of the proceedings.

I therefore DENY Lubrizol's motion to compel with respect to information regarding other, unspecified clients that is contained in documents that also reference the two clients Lubrizol raised in its initial letter. If Lubrizol believes that any information relating to those other, unspecified clients is independently relevant to the case, it may raise those issues with IBM on a document-by-document basis, and it may bring any specific disputes to my attention

in accordance with the procedures set forth in the Local Rules.

### B. Information Regarding Four Other Specified Companies

Lubrizol also asks me to order IBM to produce unredacted copies of all documents referencing four specific companies for whom Lubrizol alleges IBM performed work on other S/4HANA projects. Lubrizol argues that documents relating to those other projects are relevant because those projects had similar problems and because IBM made similar misrepresentations to those clients. IBM disputes the relevance of those projects and responds that, even if some information about those projects is relevant, it does not mean that every document relating to those projects is relevant.

I conclude that Lubrizol has made a credible claim that at least some documents relating to these four clients are relevant to this case. I agree with IBM, however, that Lubrizol has failed to establish that all documents relating to those projects are necessarily relevant. To the contrary, there is a notable disconnect between Lubrizol's narrower relevance arguments and the broad productions it is seeking. Lubrizol argues, for example, that two of the projects for other clients are relevant to Lubrizol's allegation that IBM intentionally downplayed the amount of customization that would be required and the number software objects (known as "WRICEFs") that would need to be created. However, Lubrizol does not limit its request to documents regarding WRICEFs or the amount of customization required. Instead, Lubrizol argues that because information concerning the WRICEF issue is relevant, I should order IBM to produce unredacted copies of *all* documents containing the name of either client, regardless of whether those documents deal with WRICEFs.

The same is true for the other two clients. Lubrizol argues that IBM's work for the third client is relevant because IBM made misrepresentations to that client akin to the misrepresentations it allegedly made to Lubrizol and pitched the same allegedly unqualified

9

project manager that it used on the Lubrizol project. Lubrizol likewise argues that the project for the fourth company is relevant because IBM used similar templates on that project, and because an IBM employee who allegedly performed deficiently on the Lubrizol project was involved in sales efforts for the other client. In both instances, however, Lubrizol is not requesting unredacted documents relating only to those issues. Instead, it seeks an order requiring IBM to produce unredacted copies of all documents containing the name of that client.

In sum, Lubrizol's relevance arguments, while potentially persuasive with respect to these four clients, do not justify the broad relief it seeks. Granting Lubrizol's motion in full also would impose an undue burden on IBM given IBM's specific representations regarding the amount of review time reproduction would entail and the possibility that IBM would have to notify some or all of the affected clients, which could potentially be in the hundreds. In reaching that conclusion, I again weigh heavily the fact that Lubrizol waited until discovery was at an advanced stage and depositions had begun before bringing this to my attention, thereby heightening the potential burden on IBM.

I therefore DENY Lubrizol's request to compel unredacted documents with respect to the four specified clients that Lubrizol identified in the parties' joint status report. Again, if Lubrizol believes that specific documents regarding one or more of those companies are relevant to the case it may raise those documents with IBM, and the parties shall meet and confer in good faith. Should the parties be unable to resolve any particular dispute after those efforts, the parties may bring the issue to my attention in accordance with Local Rule 37.1.

### IV. CONCLUSION

For the foregoing reasons, Lubrizol's request to compel unredacted documents is

DENIED without prejudice to Lubrizol re-raising issues with respect to specific documents should the parties be unable to resolve disputes over those documents through the meet and confer process.

**IT IS SO ORDERED.**

Dated: August 9, 2023

/s *Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge