# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| THE LUBRIZOL CORPORATION, | ) | CASE NO. 21-CV-870 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| INTERNATIONAL BUSINESS | ) | |
| MACHINES CORPORATION, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court are two interrelated motions: Plaintiff The Lubrizol Corporation's ("Lubrizol") Motion to Unseal Second Amended Complaint and Exhibits (ECF #41) and Defendant International Business Machines Corporation's ("IBM") Motion to Strike Motion to Unseal Second Amended Complaint and Exhibits. (ECF #45.) Each motion has been fully briefed, the Court has considered the filings and the matter is ready for decision.

## BACKGROUND

At a status conference held March 24, 2022, Lubrizol requested leave to file a Second Amended Complaint ("SAC"). (See Minutes Order 3/24/22.) The request was granted without objection. *Id.* On April 21, 2022, Lubrizol filed its SAC, adding a count of fraudulent inducement and attaching 37 Exhibits, each an email that had been produced in discovery and quoting those emails in the allegations of the Complaint. ECF #39, SEALED. The First Amended Complaint had no attachments. ECF #27. Lubrizol contends the emails attached to the SAC are a "sampling" of IBM's "fraud scheme." ECF #41-1 at 1-2.

On June 3, 2022, Lubrizol moved to unseal the SAC that it had filed roughly six weeks prior, stating, "Because IBM designated the Exhibits as "Confidential" pursuant to the parties'

1

Stipulated Protective Order, Lubrizol filed the SAC and Exhibits under seal but made clear at the time that it did not agree with IBM's confidentiality designations. IBM has now refused to de-designate most of the Exhibits and to stipulate to the unsealing of the SAC and Exhibits." *Id.* (citation omitted.) Lubrizol argues that despite IBM's confidential designation under the parties agreed Stipulated Protective Order (ECF #25), the documents' inclusion in a pleading – the Second Amended Complaint – bestows upon the documents a "strong common law presumption in favor of public access" which IBM cannot overcome and dictates the documents should be unsealed. *Id.* at 2.

IBM has opposed unsealing the documents on both procedural and substantive grounds. IBM's procedural arguments are presented in its Motion to Strike the Motion to Unseal the Second Amended Complaint and Exhibits. (ECF #45, "Motion to Strike"). IBM's Motion to Strike argues that Lubrizol's Motion to Unseal is procedurally premature and improper because a challenge to the confidential designation of the documents is by its nature a discovery dispute governed by Local Rule 37.1(a). (ECF #45-1.) IBM contends a Local Rule sets out a specific process for resolving discovery disputes and Lubrizol's Motion to Unseal sidesteps the rule and process. *Id.* at 4.

Lubrizol argues that pursuant to Fed. R. Civ. P. 12(f) only pleadings are the proper target of a motion to strike, implying, without stating, the Court is without authority to strike the motion, and further, that Lubrizol met the requirements of the Stipulated Protective Order and properly filed its Motion to Unseal. (ECF #50.)[1] In a footnote, Lubrizol states, "By its motion to

---

[1] The Court construes IBM's Motion to Strike as a general procedural objection to Lubrizol's motion rather than a specific motion brought under Fed. R. Civ. P. 12(f). IBM's motion does not refer to Rule 12(f), but does make clear it is "aimed only at the procedural deficiencies in Lubrizol's Motion." (ECF #45-1 at 1.)

unseal, Lubrizol is not challenging IBM's designations under the Stipulated Protective Order." *Id.* at fn. 3.

The Court finds Lubrizol's statement that it is not challenging IBM's designations baffling. Lubrizol made the volitional choice to attach to the Second Amended Complaint documents provided by IBM in discovery and subject to the Stipulated Protective Order. Lubrizol acknowledged that it filed the SAC under seal to comply with the Stipulated Protective Order. Based on the choice to attach the documents to the SAC, Lubrizol has put the documents' confidentiality directly at issue, challenging the confidentiality not on a discovery dispute basis, but by seeking to unseal the documents pursuant to the "public interest."

Accordingly, the question before the Court is not whether IBM can overcome the "strong common law presumption in favor of public access," but whether a plaintiff may expose a defendant's confidential documents by attaching them to an amended pleading without implicating the Court's discovery dispute procedures or violating a stipulated protective order? The answer is no.

"A plaintiff is master of her complaint—she decides who to sue, where to sue, how to sue, and what to sue about. Most importantly, the plaintiff decides what factual allegations go into her complaint. Yet the privilege of being the party to initiate the lawsuit does not excuse a plaintiff of the responsibility to play by the rules." *Rogers v. Webstaurant Store, Inc.,* 774 F. App'x 278, 282 (6th Cir. 2019).

As an initial matter, the Federal Rules only require a complaint to "contain…a short and plain statement of the claim showing that the pleader is entitled to relief," (Fed. R. Civ. P. 8(a)(2)) in which each averment "shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). The SAC has 86 pages of substantive averments, comprised of 216 separate paragraphs, plus 37

3

attached emails, included in full, adding another 404 pages. To be perfectly clear, the SAC is nearly 500 pages long. Lubrizol has grossly overshot the "short and plain" and "concise" parts of the rule.

The Sixth Circuit has explained that Fed. R. Civ. P. 8 descends from former Equity Rules 25 and 30 before the merger of law and equity in the federal courts and:

> Equity Rule 25 helped in "simplifying and abbreviating" the habitually "verbose and reiterative" bills of complaint that once flourished in district court dockets. Likewise for Equity Rule 30, which was "intended to simplify equity pleading and practice by limiting the pleadings to a statement of ultimate facts **without evidence** and by uniting in one action as many issues as could conveniently be disposed of."

*Kensu v. Corizon, Inc.,* 5 F.4th 646, 649-50 (6th Cir. 2021) (citations omitted) (emphasis added). Here, Lubrizol has violated the spirit of the rules by buttressing the SAC with evidence – documents – in the form of the attached emails which are unnecessary support at this stage of the proceeding. Further, the Court finds that Lubrizol is seeking to exploit its violation to publicize discovery documents subject to a protective order.

However, IBM has not sought relief on Fed. R. Civ. P. 8 grounds but on the basis that the confidential status of the documents is controlled by the Stipulated Protective Order and any dispute over the confidentiality designation is controlled by that Order and the Court's discovery dispute procedures. IBM is correct.

The parties have agreed and the Court has ordered that "all documents produced in the course of discovery … shall be subject to this Order concerning confidential information as set forth below." (ECF #25 at ¶ 1.) "The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure." *Id.* There is no dispute that the 37 documents attached to the SAC were originally designated confidential.[2]

---

[2] IBM indicates that it agreed to de-designate 3 of the 37 documents. ECF #45-1 at 2.

Documents designated confidential may "not be … disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof." *Id.* at ¶ 5(a). The Court finds that seeking to disclose the documents on the docket as part of the SAC is not the preparation or conduct of discovery or trial. The Stipulated Protective Order reiterates, "The parties and counsel for the parties shall not disclose or permit the disclosure of any [confidential] documents to any third person or entity except as set forth in subparagraphs (1)-(5)." *Id.* at ¶ 5(b). None of the entities in ¶ 5(b)(1)-(5) are "the public." Accordingly, Lubrizol is restricted from disclosing the confidential documents through attachment to the SAC and the Court will not allow its Order to be violated by Lubrizol's end around.

The proper starting point is the Local Rule (*Id.* at ¶ 1) governing resolution of discovery disputes. (Loc. R. 37.1(a).) Despite Lubrizol's statement that it is "not challenging IBM's designations," its Motion to Unseal unambiguously implicates the Court's Stipulated Protective Order and the confidentiality designation of the documents attached to the SAC. The Court finds Plaintiff's argument that it complied with the Stipulated Protective Order by filing its Motion to Unseal under Loc. R. 7.1 unpersuasive. Local Rule 7.1 primarily dictates administrative requirements of motion practice in the Northern District of Ohio. Filing a motion in writing of the appropriate page length does not relieve a party of its duty to intelligently examine its arguments to determine if they might implicate other Local Rules or procedures.

Lubrizol additionally defends its Motion to Unseal by arguing that it complied with its obligations under the Stipulated Protective Order by meeting and conferring on the unsealing issue before filing the motion. ECF #45-2 at fn. 3. The Court declines Lubrizol's invitation to

recast a dispute over a confidentiality designation into an unsealing issue due to Lubrizol's choice to unnecessarily attach confidential documents to the SAC.

The Stipulated Protective Order makes clear, "[n]othing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial." (ECF #25 at ¶ 8.)  At its essence, the issue before the Court is whether a party may take an action – filing an amended complaint with attached confidential documents – to force revelation of those documents to the public outside of the protections of a stipulated protective order.  The Court's answer: no.

Moving to unseal the SAC and reveal the documents to the public necessarily implicates the attached documents' confidential designation.  It is by its very nature a discovery dispute over the designation and thus, governed by the Court's discovery dispute procedures.  Lubrizol did not comply with those procedures under Local Rule 37.1.  Accordingly, the Court will not nullify the protections afforded the documents pursuant to an agreement of the parties outside of the established procedure and finds Lubrizol's motion inappropriate and not well-taken.

Lubrizol's Motion to Unseal Second Amended Complaint and Exhibits (ECF #41) is **DENIED** and IBM's Motion to Strike Motion to Unseal Second Amended Complaint and Exhibits (ECF #45.) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

      /s  Christopher A. Boyko
      **CHRISTOPHER A. BOYKO**
      **United States District Judge**

**Dated: March 12, 2024**